IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **PETTIS COUNTY DEVELOPMENT, ET. AL,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| | ) Case No. 2:22-cv-04068-MDH |
| v. | ) |
| | ) |
| **PETTIS COUNTY, MISSOURI,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss. (Doc. 5). Defendant moves to dismiss, or in the alternative moves to stay, this case. Plaintiffs oppose the motion. The motion has been fully briefed. On August 30, 2022, the Court heard oral argument on the motion and took the matter under advisement. For the reasons set forth herein, the Court grants in part and denies in part the Motion.

## BACKGROUND

On May 2, 2022, Plaintiffs filed their Complaint alleging the following claims against the Defendant: Count I: Violation of Due Process and Equal Protection Rights in Violation of 42 U.S.C § 1983 and Article I, Sections 2 and 10 of the Missouri Constitution; Count II: Violations of Federal Antitrust Laws; Count III: Declaratory Judgment under Federal Law As to the Validity of the Order Passed by County; Count IV: Injunctive Relief; Count V: Violation of Missouri Sunshine Law; and Count VI: Injunctive Relief As To Sunshine Law Violations.

The claims arise out of Plaintiffs' desire to establish a solid waste management facility in Pettis County, Missouri. Plaintiffs allege they have raised investment capital to fund the planning, permitting, and zoning of the future facility. Plaintiffs allege they had conversations with

1

Defendant regarding the proposed solid waste facility. It is clear from the parties' briefs and arguments that the issue regarding additional solid waste facilities in the County is a controversial and contested topic among County residents. The County discussed and circulated a draft order to regulate solid waste facilities. Plaintiffs allege the draft order was discussed in several open meetings and two drafts of the order were published on the County's website to allow for public comment. Plaintiffs contend, however, that the County adopted an order on February 24, 2022, for the Establishment of Solid Waste Management Regulations (the "Order") that was not in compliance with its obligations and was not the draft order that had been published and open to comments. Defendant claims the Order was adopted after notice and public hearing, where the attendance was over 200 individuals, and was adopted appropriately and is effective. Plaintiffs filed this lawsuit claiming violations by the County in adopting the Order and ordinance that in turn violated Plaintiffs' rights.

In addition, two separate entities seeking to establish a solid waste facility in Pettis County, Mid-Missouri Waste Systems, LLC and Pettis County Properties, Co., LC, filed a separate state court lawsuit in the Circuit Court of Pettis County, Missouri. The state lawsuit, Case No. 22PT-CC00063, alleges: (1) Declaratory Judgment regarding violations of Missouri statute; (2) Regulatory Taking Under State Law; (3) Equal Protection Violation Under State Law; (4) Declaratory Judgment that the Order is an Impermissible Retrospective law; and (4) Injunctive Relief ordinance against the County. While the causes of action brought by the state court plaintiffs are different and brought under different legal theories and laws, the state court lawsuit also claims the County's enactment of the Ordinance violated the plaintiffs' rights and should be found invalid.

Defendant moves to dismiss this lawsuit arguing Plaintiffs' Complaint should be dismissed, or in the alternative, stayed because: 1) the Court lacks jurisdiction based on abstention; 2) that Plaintiffs fail to state a claim under § 1983; 3) that Plaintiffs claim based on Federal Antitrust Law violations must be dismissed based the state action doctrine; 4) that Plaintiffs' claims for injunctive relief fail to state a claim; and 5) that the claims of Missouri Sunshine Law Violations lack jurisdiction.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

Defendant argues Plaintiffs' claims should be dismissed or stayed based on abstention doctrines.[1] "The doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Allegheny Cnty., v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). Federal courts apply judicially created abstention doctrines in specific, limited circumstances. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). "Abstention is proper in limited areas, for example, when a federal constitutional issue might be mooted by a state-court determination of pertinent questions of state law." *Bob's Home Serv., Inc. v. Warren Cnty.*, 755 F.2d 625, 628 (8th Cir. 1985) (internal citations omitted). Defendant argues there are four abstention doctrines established by the United States Supreme Court that allow a federal court to decline jurisdiction and that each of them apply to this case.

**Pullman Abstention**

Under the *Pullman Abstention* a federal court has discretion to decline jurisdiction over a case involving federal constitutional issues and unsettled questions of state law, the resolution of which might moot the constitutional issues. *Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496 (1941).

**Burford Abstention**

The *Burford Abstention* doctrine requires a federal court to dismiss or remand an action involving difficult questions of state law where federal intervention might disrupt state efforts to

---

[1] Because of the Court's ruling contained herein the Court does not address Defendant's additional arguments regarding Plaintiffs' failure to state a claim and lack of jurisdiction over the Sunshine Law claim.

formulate a coherent policy in an area of particular local concern. *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

**Colorado River Abstention**

The *Colorado River Abstention* doctrine allows a federal court to stay, an action pending in federal court when there is a concurrent, separate action pending in state court that raises the same, or substantially the same issues. *Colorado River Water Conserv. District v. United States*, 424 U.S. 800 (1976).

**Younger Abstention**

Under the *Younger Abstention* a federal court may not enjoin ongoing state proceedings implicating important state interests where the parties have an adequate opportunity to raise the federal issues in state court. *Younger v. Harris*, 401 U.S. 37 (1971).

Defendant's motion sets forth arguments under each of these doctrines as to why this Court should dismiss or stay this case. For the reasons discussed, the Court finds the *Pullman abstention* doctrine applicable to the facts of this case.

Plaintiffs argue there is nothing ambiguous or unsettled about the Ordinance, or the Missouri law, at issue in this case. As a result, Plaintiffs contend this Court can, and should, address their claims that the Ordinance violates their rights as pled. Further, Plaintiffs believe that the state court lawsuit and this lawsuit are not parallel and should not be analyzed as parallel for purposes of abstention. Plaintiffs contend that the state court plaintiffs do not raise the same claims, they are not duplicative, and their disposition would not resolve the claims in this case. This Court agrees that Plaintiffs' claims are different than the state court lawsuit, however, the validity of the Ordinance is the central issue in both this lawsuit and the state court proceeding. If

the state court were to find the Ordinance invalid then Plaintiffs' claims in this lawsuit would be affected.

In the Complaint, Plaintiffs allege Defendant's rulemaking authority derives from Section 260.215.4 RSMo. and that Defendant has a duty to act pursuant to authority derived from Missouri state law. Plaintiffs allege Defendant violated its duties and authorities under that Missouri statute in "arbitrarily revising the Ordinance to make it impossible to develop" Plaintiffs' facility and that the Ordinance "specifically targeted" Plaintiffs in preventing them from realizing the facility. Plaintiffs further allege that the Ordinance was not properly authorized under Chapter 260 RSMo. and that Chapter 260 does not provide the county with authority to create a "monopoly for waste management facilities, nor is doing so an action in furtherance of clearly articulated state policy." Plaintiffs contend the Ordinance was passed without the County complying with the procedure for a zoning ordinance. At the heart of Plaintiffs' Complaint is the issue of whether the Ordinance is valid.

The Court finds the issues presented in this case to be similar to *Bob's Home Serv., Inc. v. Warren Cnty.*, 755 F.2d 625 (8th Cir. 1985). In *Bob's Home Serv.*, the plaintiffs raised claims arising out of restrictions imposed by Warren County, Missouri on their hazardous waste landfill. *Id.* at 626. The plaintiffs alleged that the defendants' official master plan was invalid under Missouri state law, that the defendants did not have the authority to adopt and impose regulations and restrictions governing the storage, treatment, and disposal of hazardous waste; and that plan was an unconstitutional taking of property without just compensation. Plaintiffs also argued that they were denied equal protection of the laws because the master plan singled out their land for unfavorable treatment. *Id.* The defendant in *Bob's* filed a filed a state court lawsuit three days after plaintiff filed the federal lawsuit seeking a declaratory judgment as to the validity of their
6

the state court were to find the Ordinance invalid then Plaintiffs' claims in this lawsuit would be affected.

In the Complaint, Plaintiffs allege Defendant's rulemaking authority derives from Section 260.215.4 RSMo. and that Defendant has a duty to act pursuant to authority derived from Missouri state law. Plaintiffs allege Defendant violated its duties and authorities under that Missouri statute in "arbitrarily revising the Ordinance to make it impossible to develop" Plaintiffs' facility and that the Ordinance "specifically targeted" Plaintiffs in preventing them from realizing the facility. Plaintiffs further allege that the Ordinance was not properly authorized under Chapter 260 RSMo. and that Chapter 260 does not provide the county with authority to create a "monopoly for waste management facilities, nor is doing so an action in furtherance of clearly articulated state policy." Plaintiffs contend the Ordinance was passed without the County complying with the procedure for a zoning ordinance. At the heart of Plaintiffs' Complaint is the issue of whether the Ordinance is valid.

The Court finds the issues presented in this case to be similar to *Bob's Home Serv., Inc. v. Warren Cnty.*, 755 F.2d 625 (8th Cir. 1985). In *Bob's Home Serv.*, the plaintiffs raised claims arising out of restrictions imposed by Warren County, Missouri on their hazardous waste landfill. *Id.* at 626. The plaintiffs alleged that the defendants' official master plan was invalid under Missouri state law, that the defendants did not have the authority to adopt and impose regulations and restrictions governing the storage, treatment, and disposal of hazardous waste; and that plan was an unconstitutional taking of property without just compensation. Plaintiffs also argued that they were denied equal protection of the laws because the master plan singled out their land for unfavorable treatment. *Id.* The defendant in *Bob's* filed a filed a state court lawsuit three days after plaintiff filed the federal lawsuit seeking a declaratory judgment as to the validity of their

plan under Missouri law. *Id.* Defendant also filed a motion to dismiss plaintiff's lawsuit asking for abstention and to allow the state court to rule on state law issues. *Id.*

The Eighth Circuit stated in *Bob's Home Serv.*, "[i]f the Missouri state courts decide, as matter of state law, that Warren County has no authority to bar expansion by BHS, then plaintiffs' federal constitutional attack on the master plan becomes academic." *Id.* at 628. (affirming the district court's decision to abstain but reversing the order of dismissal). "[F]ederal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them." *Id.*

The Missouri statutes in question, having to do with zoning and planning powers of counties, have not previously been interpreted by the state courts, and they are not so clear on their face that a federal court can construe them with much assurance. The state courts should therefore be given the opportunity to interpret their own statutes and determine the validity of the Order and ordinance as a matter of state law. The Eighth Circuit stated: "We also note that the issue of the location of hazardous-waste dumps is of great concern to the local community as well as to the state government." *Id.* The Court finds this is similar to the issues raised in this case.

The Eighth Circuit held that the *Pullman abstention*, which applied to the case, does not involve an abdication of federal jurisdiction, but only the postponement of its exercise. *Id.* As a result, the Eighth Circuit found that the district court should retain jurisdiction of the case pending submission of the state-law questions to the state courts. *See Id.* The Eighth Circuit held dismissal was not appropriate but abstention was. *Id.* ("this is not a case, like *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), in which the subject matter of the action is highly complex or unique, or as to which the state has established a special system of adjudication."). The Eighth Circuit stated that "when the state-law questions have thus been determined, if the

7

federal issues have not become moot, plaintiffs may return to the federal forum and pursue their constitutional claims. *Id.*

Here, the Court finds this same analysis is applicable. The Court finds that abstention is appropriate until the state court lawsuit determines whether the Ordinance is valid.

**CONCLUSION**

Wherefore, for the reasons set forth herein, the Court **grants in part and denies in part** the Motion. The Court grants the motion to stay this case pending the state courts' ruling on the validity of the Ordinance. The parties shall file status reports regarding the pendency of the state court proceedings every 6 months from the date of this Order.

**IT IS SO ORDERED.**

Date: October 6, 2022

*/s/ Douglas Harpool*
Douglas Harpool
United States District Judge
